UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY CHESNEY,

       Plaintiff,                        CIVIL ACTION NO. 05-CV-72747-DT

  vs.                                DISTRICT JUDGE ROBERT H. CLELAND

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED** and that Defendant's Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision of the Commissioner of Social Security that the Plaintiff was not disabled for purposes of the Social Security Act. 42 U.S.C. §§423, 1382. The issue presented for review is whether the Commissioner's decision is supported by substantial evidence on the record.

Plaintiff Larry Chesney applied for Disability Insurance Benefits ("DIB") on January 27, 2003 for an open period commencing May 5, 1995. Plaintiff's insured status expired on December 31, 2001. On March 28, 2005 an Administrate Law Judge ("ALJ") issued a written opinion finding that Plaintiff was not disabled. It was determined that Plaintiff's testimony lacked credibility and that he could engage in gainful employment deemed less physically burdensome than his previous occupation. Plaintiff unsuccessfully sought review of the ALJ's decision from the Appeals Council. The ALJ's written opinion is now the final opinion of the

Commissioner.  *See* 20 C.F.R. § 404.981.  Plaintiff has appealed the denial of his claims to this Court, and both parties have filed motions for Summary Judgment.

## **FACTS**

In May of 1995, Plaintiff sought medical treatment from Dr. Alfredo Balarezo, M.D., a neurosurgeon, for back pain that radiated into his legs and limited his range of motion.  A magnetic resonance image (MRI), computerized tomography (CT) scan, and myelogram of his lower spine indicated bulging discs, moderate spinal stenosis, and nerve root displacement (Tr. 172-174).  Plaintiff was given various medications for his back pain and underwent physical therapy on numerous occasions.  Plaintiff continued to complain of pain, and continued to see Dr. Balarezo.

In October 1995, Plaintiff underwent a lumbar laminectomy performed by Dr. Balarezo.  On a follow-up visit in January 1996, Dr. Balarezo reported Plaintiff's progress toward recovery (Tr. 148).  Dr. Balarezo also noted that Plaintiff was unable to return to work because there was no available "restricted" work suitable for a person with Plaintiff's back problems.

In April and June of 1996, Plaintiff continued to complain of back pain (Tr. 149).  Throughout 1996, Plaintiff also complained of pain radiating into his right leg, insomnia, a pounding heart, nausea, and mental confusion.  He was diagnosed with depression and prescribed various medications for his ailments.  In October 1996, Plaintiff saw Dr. Mongkol Mong, M.D. and complained of headache and back pain radiating into his right leg (Tr. 151).

In June 1997, Dr. Balarezo reported that Plaintiff's progress was going "essentially well", with only minor symptoms of aching in the right leg (Tr. 156-57).  Dr. Balarezo again noted that there was no restricted work available at Plaintiff's place of employment (Tr. 183).

In September 1997, Plaintiff returned to Dr. Mong and reported a severe worsening of his back pain, which also radiated into his left leg. Plaintiff also saw Dr. Balarezo, who performed tests showing spinal canal stenosis, a mild disc bulge, and a herniated disc with amputation of the nerve root (Tr. 183-84). On September 20, 1997, Dr. Balarezo admitted Plaintiff for emergency surgery to correct these deficits. Following surgery in October of 1997, Dr. Balarezo reported that Plaintiff was doing well post-operatively (Tr. 186, 188, 191).

Throughout 1998, 1999, 2000, and 2001, Plaintiff saw Dr. Mong at least four times a year, primarily for medication refills and follow-up examinations. Plaintiff continued to complain of headaches and back pain radiating into his right leg (160-164).

On March 26, 2003 medical examiner Andrew Rockafellow reviewed Plaintiff's medical record and concluded that as of December 31, 2001, Plaintiff could perform light[1] work (Tr. 96-97, 99). In March 2005, Plaintiff testified at his Disability Insurance Benefits hearing that his condition had not changed since 2001. Plaintiff testified that he did not perform most household chores, that he did his own laundry, could shop for groceries once in a while, and that he could drive for no longer than 15 minutes without pain (Tr. 214-15). A vocational expert testified at the hearing that Plaintiff could not perform medium work, but could perform light work (Tr. 219).

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of a Commissioner's decision is limited to determining whether her findings are supported by substantial evidence and whether she employed proper legal standards.

---

1    Light work may require lifting up to 20 pounds occasionally and up to 10 pounds frequently, or it may involve very little lifting, but require a good deal of walking, standing, or sitting while operating hand or foot controls. *See* 20. C.F.R. § 404.1567(b).

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this Court to try cases *de novo*, resolve conflicts regarding evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Ci. 1989).

In determining whether substantial evidence supports the Commissioner's decision, this Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  The Commissioner's decision must be affirmed if supported by substantial evidence, even when substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis.  In the first four steps, Plaintiff had to demonstrate the following:

> (1) That he was not presently engaged in substantial gainful employment; and
>
> (2) That he suffered from a severe impairment; and
>
> (3) That the impairment met was medically equivalent to a "listed impairment"; or
>
> (4) That he did not have the residual functional capacity (RFC) to perform his relevant past work

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R. § 416.920(a)-(e).  If Plaintiff's impairments prevented him from doing his past work, the Commissioner would then proceed to Step 5:

> (5) Commissioner considers claimant's age, RFC, education, and past work experience to determine if claimant could perform other work

If Plaintiff could not perform other work, he would be deemed disabled for purposes of receiving Social Security Benefits. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only at Step 5, to wit: proving that there is work available in the economy that the claimant can perform. *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] physical and mental impairments.'" *Id.* (citations omitted).

In this case, the ALJ concluded that the Plaintiff was not disabled from a period beginning May 5, 1995 and was therefore not entitled to Social Security benefits. Plaintiff argues that the ALJ improperly assessed the Plaintiff's credibility. However, the ALJ had the opportunity to witness Plaintiff's testimony, and therefore the ALJ's credibility finding is due great weight and deference. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003). The mere existence of back pain, a diagnosis of an ailment, and treatment for that ailment does not equate to the finding of a disability. *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 230-31 (6th Cir. 1990). A finding that a claimant is not credible must be supported by substantial evidence in the same manner as any other ultimate factual determination. According to Social Security Ruling 96-7p, whenever a claimant's testimony about pain is not substantiated by objective medical evidence:

> [T]he adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record . . .

5

> includ[ing] . . . the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

SSR 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483, 34485 (1996). The ALJ explicitly found that objective medical evidence failed to support Plaintiff's allegation that he had consistent debilitatingly severe back pain since 2001. The record indicates that Plaintiff complained of back pain only intermittently in 1999, 2000, and 2001. Contemporaneous notes from Plaintiff's treating physician Dr. Balarezo and other objective evidence from this period support the conclusion that Plaintiff's back condition improved substantially after the second surgery. The ALJ's credibility finding was supported by substantial evidence on the record and adequately supported.

The ALJ found that despite Plaintiff's inability to continue to perform his previous employment, he was capable of performing light work, in accordance with Plaintiff's medical records and Dr. Balarezo's notes. Additionally, the Plaintiff, despite being in significant pain, need not be deemed disabled for purposes of Social Security benefits merely because of his pain. *Kent v. Sullivan*, 788 F.Supp 541, 544. In this case, the ALJ's determination that Plaintiff was not under a disability is not contrary to objective medical evidence, treatment records, or statements of physicians, and should be followed.

Plaintiff also argues that the ALJ failed to give proper weight to the medical opinions of Dr. Mong, one of his treating physicians. The medical opinions and diagnoses of treating physicians are entitled to great weight. *King v. Heckler*, 708 F.2d 1048 (6th Cir. 1983). Indeed,

"if the opinion is uncontradicted, complete deference . . . must be given to such opinions and diagnoses." *Id.* The ALJ is not bound by conclusory statements of treating physicians where they are unsupported by detailed objective criteria. *Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986)).

The ALJ was not required to give binding weight to Dr. Mong's opinion that Plaintiff was under a complete disability. Dr. Mong's opinion about the severity of Plaintiff's condition is not supported by his own treatment notes and conflicts with objective evidence from Plaintiff's other treating physicians. Dr. Mong also indicated that his opinion was based on "treatment with neurological surgery specialist Dr. Alfredo Balarezo" (Tr. 204). Balarezo's statements suggest that Plaintiff could indeed perform light work with restrictions. (Tr. 180, 182-83, 218). Dr. Balarezo is a specialist in neurosurgery, and his opinion as a treating physician is substantial evidence in support of the ALJ's decision. .

## **RECOMMENDATION**

The Commissioner's decision is supported by substantial evidence. Plaintiff's Motion for Summary Judgment should therefore be **DENIED**, and Defendant's Motion for Summary Judgment should be **GRANTED**.

Either party to this action may object to and seek review of this Report and Recommendation within ten (10) days of service as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections expressly constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections raising some issues but failing to raise others with specificity will not

preserve all objections that a party may have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection(s) must be served upon this Magistrate Judge.

If a timely objection to this Report and Recommendation is filed, the opposing party may file a response. The response shall not be more than five (5) pages in length unless this page limit is extended through a motion and order by the Court. The response shall address with specificity, and in the order raised, each issue contained in the objection(s).

Dated: July 27, 2006                                      s/ Mona K. Majzoub
                                                          MONA K. MAJZOUB
                                                          UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 27, 2006                                      s/ Lisa C. Bartlett
                                                          Courtroom Deputy