**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY A. CHESNEY,

    Plaintiff,

v.                                        Case No. 05-CV-72747-DT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,**
**AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On July 27, 2006, Magistrate Judge Mona K. Majzoub issued a report and recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment, and deny Plaintiff Larry Chesney's motion for summary judgment. On August 1, 2006, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation. For the reasons stated below, the court will deny Plaintiff's objections, adopt the report and recommendation, grant Defendant's motion for summary judgment and deny Plaintiff's motion.

**I.  STANDARD**

Upon the filing of timely objections to a magistrate judge's report and recommendation, the court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

## II. DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's report and recommendation. The court will address each in turn.

### A. Objection # 1

First, Plaintiff claims that the Magistrate Judge's summary of the vocational expert's testimony was "incomplete and misleading." (Pl.'s Obj. at 1-2.) The Magistrate Judge's report indicated that "[a] vocational expert testified at the hearing that Plaintiff could not perform medium work, but could perform light work." (R&R at 3.) Plaintiff points out, and Defendant does not disagree, that the vocational expert did not make this express finding. (Def.'s Resp. at 2.) Rather, the vocational expert answered two hypothetical questions, both of which required the vocational expert to *assume* that Plaintiff could perform light exertional work. (Tr. at 218-29.)

Although the court agrees that the Magistrate Judge's characterization of the vocational expert's testimony was, to some degree, inaccurate, Plaintiff does not explain how this error affected the Magistrate Judge's ultimate conclusion that the ALJ's decision was supported by substantial evidence. The court fails to see how the admittedly over-simplified summary of the vocational expert's testimony requires a rejection of the entire report. Indeed, the import of the vocational expert's testimony is not disputed by the parties, as they both agree that the vocational expert testified that, "if Plaintiff's testimony were found fully credible, Plaintiff would be unable to perform any competitive employment."[1] (Def.'s Resp. at 2; Pl.'s Obj. at 2.) Because the court finds

---

[1] The court will address the ALJ's credibility determination in its analysis of Plaintiff's second objection.

that Plaintiff's first objection does not affect the substance of the Magistrate Judge's recommendation, the court will reject it.

### B. Objection # 2

Plaintiff next challenges the ALJ's credibility assessment. Plaintiff argues that "[t]he ALJ determined that the evidence was not adequate to establish the existence of a condition that could establish significant pain and limitation. (Tr. at 17.) It is submitted that [t]he contrary is true." (Pl.'s Obj. at 2.) Despite Plaintiff's "objection,"[2] the court finds that the ALJ's credibility determination was supported by substantial evidence.

The court first finds that the Magistrate Judge cited the appropriate authority in reviewing the ALJ's credibility assessment. The Magistrate Judge correctly cited *Jones v. Commissioner of Social Sec.* 336 F.3d 469, 476 (6th Cir. 2003), for the rule that "the ALJ had the opportunity to witness Plaintiff's testimony, and therefore the ALJ's credibility finding is due great weight and deference." (R&R at 5.) The Magistrate Judge further correctly noted that "[t]he mere existence of back pain, a diagnosis of an ailment, and treatment for that ailment does not equate to the finding of a disability." (R&R, citing *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 230-31 (6th Cir. 1990).)

---

[2]Plaintiff's second objection attacks the ALJ's assessment, rather than the Magistrate Judge's review of that assessment. The Supreme Court has stated that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985) (footnote omitted). For this reason, an "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. Nonetheless, the court will treat Plaintiff's objection as one challenging the Magistrate Judge's review of the ALJ's credibility determinations, and will address it above.

The court finds that the Magistrate Judge properly applied the correct standards in reviewing the ALJ's determination. Moreover, this court will not set aside the ALJ's credibility determination without a compelling reason. "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey*, 987 F.2d at 1234 (quoting *Hardaway v. Secretary of Health and Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)); *see also Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) (emphasizing that the fact-finder in a social security benefits case, not the court, is charged with passing upon the credibility of witnesses and weighing evidence). Rather, the court's review "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard*, 889 F.2d at 681(citation omitted).

Plaintiff has not presented the court with a convincing argument to disregard ALJ's conclusion that "the claimant's allegations regarding his limitations are not totally credible." (Tr. at 20.) The Magistrate Judge found the ALJ's conclusion to be supported by substantial evidence because "[t]he record indicates that Plaintiff complained of back pain only intermittently in 1999, 2000, and 2001. Contemporaneous notes from Plaintiff's treating physician Dr. Balarezo and other objective evidence from this period support the conclusion that Plaintiff's back condition improved substantially after the second surgery." (R&R at 6.) The court agrees, and Plaintiff's second objection is denied.

### C.  Objection #3

In his third objection, Plaintiff argues that the ALJ failed to give proper weight to

the medical opinions of the Plaintiff's treating and examining physicians.  (Obj. at 5.)  Specifically, Plaintiff argues that the ALJ improperly gave greater weight to Dr. Balarezo's opinion than to Dr. Mong's.  (*Id.* at 5.)  Plaintiff further contends that the Magistrate Judge, in reviewing the ALJ's determination, also placed too much importance on Dr. Balerzo's opinion, in that Plaintiff submits that "the reports and opinions of Dr. Balarezo that occurred prior to the 1997 surgery, are of little import and should not be used to discount or diminish the findings and assessment of Dr. Mong made after the 1997 surgery."  (Pl.'s Obj. at 6.)

The court rejects Plaintiff's objection for several reasons.  First, the ALJ discounted Dr. Mong's opinion, not only because it contradicted Dr. Balerzo's, but also because it was not supported by sufficient objective evidence.  Indeed, the ALJ found that "the opinion of Dr. Mong is not to be given controlling weight.  His statements that the claimant lacks the capacity for any level of work is [sic] not supported by acceptable medical evidence and is found to be contradicted by other evidence or inconsistent with the evidence as a whole."  (Tr. at 18.)  In reviewing this decision, the Magistrate Judge correctly noted that an "ALJ is not bound by conclusory statements of treating physicians where they are unsupported by detailed objective criteria."  (R&R at 7 (citing *Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992).)  Here, both the ALJ and the Magistrate Judge properly found that Dr. Mong's opinion was not supported by the objective evidence.  (Tr. at 18; R&R at 7.)

The Magistrate Judge noted that "Dr. Mong indicated that his opinion was based on 'treatment with neurological surgery specialist Dr. Alfredo Balarezo,'" (R&R at 7; Tr. at 204), but that "Dr. Balarezo's statements suggest that Plaintiff could indeed perform

6

light work with restrictions," (R&R at 7; Tr. at 180, 182-83). The court agrees with the Magistrate Judge's conclusion.  Although, as Plaintiff points out, the Magistrate Judge incorrectly cited one page of the transcript in support of this finding (*see* R&R at 7, citing Tr. at 218), this does not alter the underlying support for this finding: Dr. Mong's opinion is flawed inasmuch as it purports to rely on Dr. Balarezo's records because Dr. Balarezo indicated that Plaintiff could work with restrictions.

Moreover, the court is not persuaded by Plaintiff's argument that Dr. Balarezo's treatment notes prior to the September 20, 1997 surgery are of "little import."  (Pl.'s Obj. at 6.)  Plaintiff did not make this argument in his opening brief, and provides no reason why the ALJ, the Magistrate Judge or the court should disregard Dr. Balarezo's treatment notes.  Further, as Defendant points out, the record also indicates that Dr. Balarezo indeed noted, post-surgery, that "Mr. Chesney is doing very well and is achieving improvement in his symptoms of weakness of the left foot."  (Tr. at 189.)

Plaintiff's objection is therefore denied.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's August 1, 2006 objections [Dkt. # 14] are DENIED and the Magistrate Judge's July 27, 2006 report and recommendation [Dkt. # 13] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  IT IS FURTHER ORDERED that Defendant's motion for summary judgment  [Dkt. # 12] is GRANTED and Plaintiff's motion for summary judgment  [Dkt. # 9] is DENIED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2006, by electronic and/or ordinary mail.

                 s/Lisa Wagner
                 Case Manager and Deputy Clerk
                 (313) 234-5522